

# The Attorney General of Texas

March 14, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Robert Bernstein, M.D., F.A.C.P.
Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas   78756

Opinion No. JM-12

Re:   Whether community mental health/mental retardation centers are exempt from licensing under article 4442c, V.T.C.S.

Dear Dr. Bernstein:

You ask the following two questions:

> 1.  Are community mental health and mental retardation centers exempt from licensing under article 4442c, V.T.C.S., because they are already being operated within the jurisdiction of a state or federal governmental agency?
>
> 2.  If the answer to the first question is yes, which state or federal governmental agency has jurisdiction over the centers?

Your question arises from article 4442c, which provides for the licensing of convalescent and nursing homes by the Department of Health unless those facilities are exempted by section 2 of that article.  A 1981 amendment to article 4442c, V.T.C.S., states in part:

> Sec. 2 (a) 'Institution' means an establishment which furnishes (in single or multiple facilities) food and shelter to four or more persons unrelated to the proprietor, and, in addition, provides minor treatment under the direction and supervision of a physician licensed by the Texas State Board of Medical Examiners, or services which meet some need beyond the basic provision of food, shelter, and laundry.  Nothing in this Act shall apply to:
>
> ....
>
> (6)  a facility operated <u>within the jurisdiction</u> of a state or federal governmental agency,

> including but not limited to the . . . Texas
> Department of Mental Health and Mental
> Retardation . . . . (Emphasis added).

Acts 1981, 67th Leg., 2564, ch. 684, §1 at 2564. The exemption in subsection 2(a)(b) is a new provision. You state in your letter that the Department of Health has not licensed community mental health and mental retardation centers in the past.

The relevant statutes are the mental health statutes, article 5547-201, et seq., V.T.C.S. The Department of Mental Health and Mental Retardation is established in article 5547-202. Community centers for mental health and mental retardation services are established under the authority of article 5547-203, V.T.C.S., which provides in section 3.01 that the centers may be operated by counties, cities, hospital districts, school districts, or any combination thereof. This apparently places the control of the community centers with the local government. However, section 3.01A of the article states that these centers are:

> intended to be vital components in a continuum of services for the mentally ill and mentally retarded individuals of this state. (Emphasis added).

Section 3.15 requires the Department of Mental Health and Mental Retardation to provide assistance, advice, and consultation to the community centers, and authorizes the department to transfer ownership of its personal property to the centers.

Article 5547-204, V.T.C.S., gives the Department of Mental Health and Mental Retardation the power to provide grants-in-aid to the community centers upon qualification of the centers. Section 4.01 of article 5547-204, V.T.C.S., authorizes the department to prescribe rules necessary to insure adequate provision of services by the community centers. The board of trustees for each center must submit to the department a copy of a plan for an effective services program. V.T.C.S. art. 5547-204, §4.02. A community center is eligible to receive grants-in-aid if it qualifies according to the rules and regulations of the department. Id. §4.03. Thus, the department has considerable authority to regulate the community centers which receive grants-in-aid from it.

The Department of Mental Health and Mental Retardation has submitted a letter describing its method of regulating community centers:

> It is the current practice that each community
> center enter into a performance contract with the

department in order to receive state grant-in-aid funds. Each performance contract contains assurances by the community center that it will adhere to various rules of the commissioner that affect community centers and allows for access by the department to all records of the community center for monitoring purposes.

Although community centers are the creation of a governmental subdivision, they are in the continuum of state services. In order to receive grants-in-aid, the centers enter into performance contracts with the Department of Mental Health and Mental Retardation to provide services consistent with the mental health statutes, article 5547-201, et seq., V.T.C.S. In our opinion, community centers are under the jurisdiction of the Department of Mental Health and Mental Retardation, and therefore exempt by section 2(a)(6) of article 4442c, V.T.C.S., from licensing by the Department of Health.

Our conclusion is consistent with the prior opinions of this office. Attorney General Opinion C-584 (1966) determined that community mental health and mental retardation centers are agencies of the state, and that the Department of Mental Health and Mental Retardation controls the supervision and operation of the centers.

Another opinion of this office concluded that the governor could transfer from the Department of Health to the Department of Mental Health and Mental Retardation the responsibilities for administering and supervising state plans for the construction of mental retardation facilities. Attorney General Opinion No. C-591 (1966). Attorney General Opinion M-314 (1968), in concluding that the Department of Mental Health and Mental Retardation could not require all community mental health and mental retardation centers to match grants-in-aid on a fifty-fifty basis, established that the department could impose requirements on community health centers, so long as the requirements were not arbitrary.

Our conclusion is also supported by the legislative history of section 2(a)(6) of article 4442c, V.T.C.S. The Senate Committee on Human Resources took testimony from a representative of the Department of Health. Tape of Senate Committee on Human Resources Meeting, April 21, 1981, filed in Senate Staff Services Offices. The witness stated that the Health Department was at present not licensing certain facilities operated by the Texas Department of Mental Health and Mental Retardation. The purpose of the amendment was not to change the existing practice, but merely to codify it.

It is our conclusion that community mental health and mental retardation centers established pursuant to article 5547-203,

V.T.C.S., are exempt from licensing by the Department of Health under article 4442, V.T.C.S.

## S U M M A R Y

Community centers for mental health and mental retardation, as established in article 5547-203, V.T.C.S., are exempt from licensing under article 4442c, V.T.C.S., because the centers are under the jurisdiction of the Department of Mental Health and Mental Retardation.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Patricia Hinojosa
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger